**E-FILED**
Wednesday, 22 February, 2012  02:05:36 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN TALLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cv-3201 |
| | ) | |
| FREEDMAN ANSELMO LINDBERG, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff John Tallman's Motion for Leave to Amend the Complaint (d/e 14) (Motion 14); Defendant Freedman Anselmo Lindberg, LLC's (Freedman) Cross-Motion for Sanctions (d/e 15) (Motion 15); Tallman's Cross-Motion for Sanctions Against Defendant's Counsel (d/e 16) (Motion 16); Tallman's Second Motion for Leave to Amend the Complaint (d/e 17) (Motion 17); and Tallman's Motion to Strike (d/e 20) (Motion 20).  For the reasons set forth below, Motion 17 is ALLOWED and the other Motions are DENIED.

## BACKGROUND

On July 8, 2011, Tallman filed the Complaint (d/e 1) in this action. Tallman alleged claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and state law.  The Complaint alleges

Freedman is a debt collection agency that collected two debts that Tallman owed to two different creditors.  Freedman is a law firm.  A law firm can be a debt collection agency under the FDCPA.  15 U.S.C. § 1692a(6); see e.g., Buckley v. Bass & Associates, 249 F.3d 678, 679 (7th Cir. 2001). The Complaint alleges that Freedman had been contacting Tallman to collect the debts.  Tallman had been paying regularly on one of the debts that had been reduced to judgment pursuant to the terms of court payment order.  The Complaint alleges that Freedman threatened to take more money from Tallman than the court ordered monthly payment if his financial situation had improved.

On May 27, 2011, Freedman sent Tallman a letter regarding the second of the two Debts.  The Complaint alleges that the letter failed to include the required notice that if Tallman requested proof of the debt within 30 days, Freedman would suspend efforts to collect the debt until proof is provided.  Freedman alleged that the letter improperly contained an electronic signature rather than an actual signature.

The Complaint alleges that Freedman would not allow Tallman to determine the order in which the Debts would be paid off and threatened to sue Tallman if Tallman failed to pay the higher debt first.

Count I alleged a claim under the FDCPA.  Tallman alleged that Freedman committed certain specific violations of the FDCPA.  Tallman

alleged that Freedman: (1) called before 8:00 a.m. and after 9:00 p.m.;
(2) threatened Tallman with violence against his person; (3) used profane
and abusive language; (4) misrepresented the character, amount and legal
status of the Debts; (5) misled Tallman into believing the communication
was from a law firm or an attorney; (6) failed to inform Tallman that the
communication was an attempt to collect a debt; (7) attempted to collect an
amount not authorized by the agreement creating the Debts; (8) caused
charges to be made to Tallman; (9) did not apply payments to multiple
debts in the order specified by Tallman; (10) failed to send Tallman a
validation notice stating the amount of the Debt; (11) falsely designed,
furnished and compiled a form that created a belief that a person or agency
other than Freedman was collecting the Debt; (12) threatened to take legal
action without actually intending to do so; and (13) used false and
deceptive means to collect a debt (the FDCPA  Allegations).

The Complaint also alleged supplemental counts for violation of the
Illinois Collection Agency Act, 225 ILCS 425/1 et seq. (Count II); the Illinois
Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 5/505
et seq. (Count III); intentional infliction of emotional distress (Count IV); and
invasion of privacy (Count V).  Count II alleged that Freedman: (1) used
profane, obscene, and abusive language; (2) engaged in conduct intended
to cause and did cause mental and physical illness; (3) used

communications that simulated legal or judicial process or which gave

the appearance of being authorized, issued or approved by a

governmental agency or official or by an attorney at law when it was not;

(4) misrepresented the amount of the claim or debt alleged to be owed;

(5) represented that an existing debt may be increased by the addition of

attorney's fees, investigation fees, or any other fees or charges when such

fees or charges may not legally be added to the existing debt; (6) collected

or attempted to collect any interest or other charges or fees in excess of

the actual debt or claim; and (7) engaged in dishonorable, unethical, or

unprofessional conduct likely to deceive, defraud, or harm the public (the

Illinois Allegations).

      The Court entered a Scheduling Order on October 20, 2011 (d/e 13).

The Scheduling Order set December 16, 2011, as the deadline for

amending pleadings.  On October 26, 2011, Freedman served written

discovery on Tallman.  Freedman propounded contention interrogatories

asking Tallman to identify each fact and/or occurrence to support each of

the FDCPA Allegations and each of the Illinois Allegations.  <u>Motion 15</u>, at 2,

and attached Exhibit E, <u>Plaintiff's Response to Defendant's First Set of

Interrogatories (Plaintiff's Response to Interrogatories)</u>.

      On December 20, 2011, Tallman filed Motion 14 for leave to amend

the Complaint.  The proposed Amended Complaint attached to Motion 14

now alleged that the May 27, 2011, letter included include the required notice that if Tallman requested proof of the debt within 30 days, Freedman would suspend efforts to collect the debt until proof is provided.  The proposed Amended Complaint also deleted all of the FDCPA Allegations except the allegations that Freedman (1) threatened to take legal action without actually intending to do so, and (2) employed false and deceptive means when attempting to collect a debt.[1]  The proposed Amended Complaint deleted all the Illinois Allegations except the last allegation that Freedman engaged in dishonorable, unethical, or unprofessional conduct likely to deceive, defraud, or harm the public (The deleted FDCPA Allegations and Illinois Allegations are collectively referred to as the Deleted Allegations).

The Amended Complaint added an allegation to Count I that Freedman used unfair or unconscionable means to attempt to collect a debt and overshadowed the consumer's right to dispute the debt.  Finally, the proposed Amended Complaint deleted the Count V invasion of privacy claim.

---

[1]The proposed Amended Complaint also deleted allegations that Freedman threatened to take more money from Tallman than the court ordered monthly payment if his financial situation had improved; that the May 27 letter improperly contained an electronic signature rather than an actual signature; that Freedman would not allow Tallman to determine the order in which the Debts would be paid off; and that Freedman threatened to sue Tallman if Tallman failed to pay the higher debt first.

On December 29, 2011, Tallman responded to Freedman's interrogatories.  Tallman objected to the contention interrogatories regarding the Deleted Allegations on the grounds that the interrogatories were no longer relevant.  Plaintiff's Response to Interrogatories.

On January 6, 2012, Freedman objected to Motion 14 because the Motion was untimely and asked for sanctions.  Motion 15.  On January 24, 2012, Tallman filed Motion 16 as a cross-motion for sanctions against Freedman's counsel.

On January 27, 2012, Tallman filed Motion 17 for leave to file the proposed Second Amended Complaint.  The proposed Second Amended Complaint adds an allegation that the May 27 letter misrepresented the amount owed on the second debt.  The proposed Second Amended Complaint alleges that the amount owed was $4,3731.27, but the May 27 letter misrepresented the amount owed as $5,943.23.  The proposed Second Amended Complaint is otherwise substantially similar to the proposed Amended Complaint.[2]

On February 7, 2012, Freedman filed a response to Motion 16.  On February 13, 2012, Tallman filed Motion 20 to strike Freedman's response to Motion 16 as an impermissible reply.

---

[2]Freedman indicates that the difference in the two amounts appears to represent accrued interest.  That is a factual issue for later determination.

## ANALYSIS

Tallman's requests to amend the Complaint are untimely.  The

Scheduling Order set December 16, 2011, as the deadline for amending

the pleadings.  Tallman has no valid excuse for the tardiness of Motion 14.

Tallman had personal knowledge of virtually all of the information

necessary to make the proposed changes to the Complaint.  He knew

whether Freedman called before 8:00 a.m. or after 9:00 p.m., or whether

Freedman representatives used abusive language or threats of physical

violence, or the other Deleted Allegations.  He has no excuse for the delay

in deleting these claims.

Tallman states that the changes in the Second Amended Complaint

were based on information provided in discovery after the December 16

deadline had passed.  Motion 17, at 2.  Tallman had a valid reason for the

lateness of this proposed change.  The Court also finds that the changes

clarify the issues in the case and will further the litigation.  The Court

therefore will allow Motion 17 and deny Motion 14 as moot.

Freedman asks the Court to sanction Tallman for filing the Complaint.

Freedman argues that filing the original Complaint with the Deleted

Allegations is sanctionable under Rule 41(a) and 28 U.S.C. § 1927.  The

Court does not believe sanctions are appropriate under Rule 41(a).  Rule

41(a) concerns dismissals of actions.  Tallman is not dismissing all of his

claims against Freedman through the amended pleadings.  The request for sanctions under Rule 41(a) is denied.

Section 1927 authorizes the Court to sanction an attorney who unreasonably and vexatiously multiplies the proceedings.  28 U.S.C. § 1927.  Sanctions under § 1927 may be appropriate when the attorney acts recklessly or with indifference to the law, "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious."  In re TCI, Ltd., 769 F.2d 441, 445 (7th Cir. 1985).

The law firm representing Tallman did a very poor job preparing the original Complaint.  An attorney who signs and files a pleading certifies to the best of his knowledge and belief, after inquiry reasonable under the circumstances, that the factual allegations have evidentiary support or will likely have evidentiary support after further investigation or discovery. Fed. R. Civ. P. 11(b)(3).  Almost all of the Deleted Allegations were within Tallman's personal knowledge.  Tallman knew whether Freedman's representatives used abusive language or called before 8:00 a.m. or after 9:00 p.m.  Tallman knew whether Freedman representative threatened physical violence.  Tallman knew whether these allegations were true. Tallman's counsel should have interviewed his own client before filing the

Complaint.  He clearly did not.  Filing the Complaint with the Deleted

Allegations certainly borders on gross negligence.[3]

Still, Tallman's counsel voluntarily withdrew the unsupported

allegations.  Rule 11 contemplates that parties should be given the

opportunity to withdraw sanctionable pleadings before being subjected to

a penalty.  Rule 11(c) requires the movant to serve a Rule 11 motion

twenty-one days before filing the motion.  The Rule provides that if the

objectionable filing is withdrawn within the twenty-one day period, then the

Rule 11 motion is not to be filed.  Fed. R. Civ. P. 11(c)(2).  Freedman

seeks sanctions under § 1927 rather than Rule 11; however, the Court

determines, in its discretion, that the principles underlying the Rule 11

procedures is applicable here.  Tallman's counsel voluntarily withdrew the

original Complaint and eliminated the unsupported allegations before

Freedman sought sanctions.  Under these circumstances, the Court, in its

discretion, finds that Tallman's counsel should not be sanctioned under

§ 1927 for vexatiously multiplying the proceedings when he voluntarily took

such remedial action.  Freedman's request for sanctions is denied.

The Court also denies Tallman's request for sanctions.  Freedman

clearly had a good faith basis for complaining about the original Complaint.

---

[3]Tallman's counsel blames a former associate in the law firm for filing the original
Complaint.  Motion 16, at 2-3.  This excuse is meritless.  The law firm represents
Tallman, and the law firm is responsible for the filings submitted by the firm.

The Deleted Allegations were quite serious and almost all of them were well within Tallman's personal knowledge.  Tallman's lawyer should have interviewed his own client before filing the original Complaint.  The failures of Tallman's counsel gave Freedman's counsel a basis to seek sanctions. The Court, therefore, denies Tallman's request for sanctions.

The Court denies Motion 20 as moot.  The Court did not consider Freedman's response to Motion 17 in resolving these Motions.  The request to strike is therefore moot.

WHEREFORE, Plaintiff John Tallman's Second Motion for Leave to Amend the Complaint (d/e 17) is ALLOWED.  Plaintiff's Motion for Leave to Amend the Complaint (d/e 14) is DENIED as moot; Defendant Freedman Anselmo Lindberg, LLC's Cross-Motion for Sanctions (d/e 15) is DENIED; Plaintiff's Cross-Motion for Sanctions Against Defendant's Counsel (d/e 16) is DENIED; and Plaintiff's Motion to Strike (d/e 20) is DENIED.  The Clerk is directed to file the proposed Second Amended Complaint attached to Motion 17.   Defendant is directed to respond to the Second Amended Complaint by March 14, 2012.

ENTER:    February 22, 2012.

_____ *s/ Byron G. Cudmore* _____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE