E-FILED
Friday, 30 March, 2012   04:45:54 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOHN TALLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-3201 |
| | ) |
| FREEDMAN ANSELMO | ) |
| LINDBERG LLC; and DOES | ) |
| 1-10, inclusive, | ) |
| | ) |
| Defendants. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on Defendant's Objections to Opinion Dated February 22, 2012.  See d/e 30.  In the February 22, 2012 Opinion, United States Magistrate Judge Byron G. Cudmore denied Defendant Freedman Anselmo Lindberg, LLC's (Freedman) Cross-Motion for Sanctions (d/e 15).

For the reasons that follow, Freedman's objections are overruled.

I. LEGAL STANDARD

Both parties assert that Judge Cudmore's ruling was a ruling on a nondispositive matter and that this Court may set aside the ruling if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). However, the Seventh Circuit has held that a ruling on a motion for sanctions constitutes a dispositive matter. See Retired Chicago Police Ass'n v. City of Chicago, 76 F.3d 856, 869 (7th Cir. 1996) (a request for sanctions, whether requested prior to or after a dismissal on the merits, is a dispositive matter and review of the magistrate judge's report and recommendation is de novo); see also Mintel Intern. Group, Ltd. v. Neergheen, 636 F. Supp. 2d. 677, 691 (N.D. Ill. 2009).

Therefore, this Court will treat Judge Cudmore's Opinion as a Report and Recommendation (Report) and treat his denial of sanctions as a recommendation that sanctions be denied. This Court reviews de novo any part of the Report to which a proper objection has been made. See 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b). Upon review of the

Report, this Court may accept, reject, or modify the recommended disposition, receive further evidence, or recommit the matter to the magistrate judge with instructions.  See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

## II.  BACKGROUND

On July 8, 2011, Plaintiff John Tallman filed the Complaint against Freedman and "Does 1-10" alleging violations of the Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692 et seq) (Count I), the Illinois Collection Agency Act (ICAA) (225 ILCS 425/1 et seq.) (Count II), the Illinois Consumer Fraud Act (815 ILCS 505 et seq.) (Count III), intentional infliction of emotional distress (Count IV), and invasion of privacy by intrusion into private affairs (Count V).  The Complaint alleged that Freedman, operating as a collection agency, engaged in harassment and abusive tactics while attempting to collect a debt from Plaintiff.

For example, in Count I, Plaintiff set forth a list of the various provisions of the FDCPA allegedly violated by Freedman, including

allegations that "Defendants threatened the Plaintiff with violence against his person" and "Defendants used profane and abusive language when speaking with the consumer." See Cmplt., Count I, ¶¶ 3, 4.  In Count II, Plaintiff set forth a list of the various provisions of the ICAA allegedly violated by Freedman, including allegations that "Defendants engaged in conduct which was intended to cause and did cause mental or physical illness to the Plaintiff or his or her family" and "Defendants misrepresented the amount of the claim or debt alleged to be owed." See Cmplt., Count II, ¶¶ 21, 23.

In September 2011, after two unopposed motions for an extension of time, Freedman answered the Complaint.  Plaintiff served discovery on Freedman in October 2011, to which Freedman responded in November 2011.

In November 2011, Freedman served discovery requests on Plaintiff.  The majority of the discovery requests were directed at discovering the factual basis for the various FDCPA and ICAA violations alleged in the Complaint.  On December 29, 2011, Plaintiff responded to

many of the interrogatory requests by asserting that he intended to amend the Complaint to remove that allegation.

In fact, on December 20, 2011, Plaintiff had filed a motion seeking leave to amend the Complaint and attached the proposed Amended Complaint. The proposed Amended Complaint removed several allegations of FDCPA and ICAA violations (including the ones cited above) and add a few new allegations. The proposed Amended Complaint also removed Count V.

Thereafter, on February 6, 2012, Freedman sought sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927. See d/e 15.

### A. Freedman's Cross-Motion for Sanctions (d/e 15)

In the Cross-Motion for Sanctions, Freedman asserted that Plaintiff's original complaint, filed July 8, 2011, contained a laundry list of alleged violations of the FDCPA and the ICCA which "literally just track the statutes." According to Freedman, several of the allegations were absurd and unsupported by any facts.

Freedman stated that over the course of several weeks in August

and September 2011, counsel for Plaintiff (Sergi Lemberg, of Lemberg & Associates, LLC) and counsel for Freedman (David Hartsell) discussed by email the "merits, or lack thereof, of the case." See Cross-Motion for Sanctions, p. 2. Plaintiff's counsel indicated he would amend the Complaint but did not seek leave to do so until December 20, 2011.[1]

In the Cross-Motion for Sanctions, Freedman argued that Plaintiff "and his counsel should not be allowed to make a mockery of federal court litigation by filing what was obviously a bloated, boilerplate complaint, and then, after failing to extort a settlement from [Freedman], seeking leave under Rule 15(a) to 'amend' the complaint to withdraw the frivolous and unfounded claims." See Cross-Motion for Sanctions, p. 3.

### B.  Judge Cudmore's February 22, 2012 Ruling

On February 22, 2012, Judge Cudmore entered an order addressing numerous pending motions.[2] On Freedman's Cross-Motion for Sanctions

---

[1] The Complaint was filed by an associate of Lemberg & Associates, LLC. Lemberg entered his appearance in the case on October 12, 2011.

[2] Judge Cudmore granted Plaintiff's Second Motion to Amend Complaint (d/e 17), denied as moot Plaintiff's Motion to Amend Complaint (d/e 14), denied as moot Plaintiff's Motion to Strike (d/e 20), and denied Plaintiff's Cross-Motion for Sanctions Against Defendant's Counsel (d/e 16). Judge Cudmore also denied

(d/e 15), Judge Cudmore found that the law firm representing Plaintiff "did a very poor job preparing the original Complaint" and that "[a]lmost all of the Deleted Allegations were within [Plaintiff's] personal knowledge." Judge Cudmore further noted that Plaintiff's "counsel should have interviewed his own client before filing the Complaint" and that "[h]e clearly did not."

Despite finding that the filing of the original Complaint "certainly borders on gross negligence," Judge Cudmore did not impose sanctions. Judge Cudmore found that although Freedman sought sanctions under § 1927, "the principles underlying Rule 11 [were] applicable here." Opinion, p. 9. Specifically, Judge Cudmore found that because Plaintiff's counsel voluntarily withdrew the original Complaint and eliminated the unsupported allegations before Freedman sought sanctions, Plaintiff's counsel should not be sanctioned under § 1927.

III. ANALYSIS

Freedman objects to Judge Cudmore's recommendation that

---

Freedman's claim for sanctions under Federal Rule of Civil Procedure 41(a). Objections have not been filed regarding any of these rulings.

sanctions be denied. Freedman argues that § 1927 does not have the safe harbor provision contained in Federal Rule of Civil Procedure 11. See Fed. R. Civ. P. 11(c)(2) (providing that a motion for sanctions shall not be filed if the challenged pleading is withdrawn or corrected within 21 days after service of the motion). Freedman also argues that the facts support an award of sanctions. In particular, Freedman asserts that the allegations in the Complaint that were ultimately removed were knowingly false as evidenced by Plaintiff's January 19, 2012 deposition testimony, during which Plaintiff admitted that some of the allegations in the Complaint were not true, that he had no knowledge whether they were true, and he had no evidence to support other allegations. See Objections, p. 8 (d/e 30) (citing deposition attached to Freedman's response to d/e 17, which Judge Cudmore did not consider).

　　　Section 1927 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and

> attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Sanctions may be awarded under § 1927 where an attorney has multiplied the proceedings in a vexatious and unreasonable manner.  <u>Overnite Transp. Co. v. Chicago Industrial Tire Co.</u>, 697 F.2d 789, 794 (7th Cir. 1983); <u>see also</u> <u>Walter v. Fiorenzo</u>, 840 F.2d 427, 433 (7th Cir. 1988) (sanctions are appropriate when the attorney "has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice" (internal quotation marks omitted)).

An award of sanctions under § 1927 requires a finding of either subjective or objective bad faith.  <u>DalPozzo v. Basic Mach. Co.</u>, 463 F.3d 609, 614 (7th Cir. 2006) (noting that objective bad faith means reckless indifference); <u>see also</u> <u>Webster v. Hilex Poly Co. LLC</u>, 2008 WL 5235975, at *2 (S. D. Ind. 2008) ("Vexatious has been interpreted to mean either subjective or objective bad faith." ).

"The purpose of § 1927 'is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary

costs also bear them.'" Riddle & Assocs., P.C. v. Kelly, 414 F.3d 832, 835 (7th Cir.2005) (quoting Kapco Mfg. Co. v. C & O Enters., Inc., 886 F.2d 1485, 1491 (7th Cir. 1989)); see also Overnite Transp., 697 F.2d at 794 (purpose of § 1927 is to sanction attorneys who "needlessly delay ongoing litigation") (emphasis in original).  It is within the Court's discretion whether to award sanctions.  Jolly Group, Ltd. v. Medline Industries, Inc., 435 F.3d 717, 720 (7th Cir. 2006).

This Court agrees with Judge Cudmore's findings that the law firm representing Plaintiff "did a very poor job preparing the original Complaint," counsel appears to have failed to interview his own client before filing the Complaint, and that filing the Complaint with the deleted allegations bordered on gross negligence.  See Report, pp. 8, 9.  This Court further notes that although Plaintiff's counsel indicated to defense counsel in late August 2011 his intent to amend the Complaint, he did not file a motion for leave to do so until December 20, 2011.  Finally, this Court notes Freedman's argument that the deleted allegations were knowingly false based on Plaintiff's deposition testimony

and finds that this supports the finding that Plaintiff's counsel appears to have failed to interview his own client before filing the Complaint.

However, sanctions are not warranted here because Plaintiff's counsel's conduct does not constitute the type of vexatious and unreasonable conduct that warrants an award of sanctions. See, e.g., Pacific Dunlop Holdings, Inc. v. Barosh, 22 F.3d 113, 120 (7th Cir. 1994) (finding that although the law firm caused some delay, "its actions do not rise to the level of reckless or extremely negligent conduct"); see also Thomas v. Guardsmark, Inc., 2006 WL 59358, at *4 (N.D. Ill. 2006) (unreasonable and negligent conduct is not sufficient for sanctions under § 1927).

Further, although § 1927 does not contain the safe harbor requirement contained in Rule 11, this Court finds it relevant that Plaintiff's counsel voluntarily withdrew the allegations before Freedman sought sanctions. See Modern Fence Technologies, Inc. v. Qualipac Home Improvement Corp., 2011 WL 2532486, at *10 (E.D. Wis. 2011) (noting that § 1927 does not have the 21-day requirement contained in

Rule 11). In fact, the Seventh Circuit has held that § 1927 imposes "a continuing duty upon attorneys to dismiss claims that are no longer viable." Jolly Group, Ltd. v. Medline Indus., Inc., 435 F.3d 717, 720 (7th Cir. 2006).

Here, Plaintiff removed the allegations that were not viable before any motion practice and never pressed the validity of those allegations before this Court. Contra MB Financial, N.A. v. Stevens, 2011 WL 5514059, at *2-3 (N.D. Ill. 2011) (finding the attorney "created and unreasonably multiplied the proceedings in federal court" when he removed an action that was clearly not removable, "tendered meritless arguments in his desperate attempt to keep the case" in federal court, and filed numerous motions in federal court). Moreover, Plaintiff's counsel did not seek to condition the withdrawal of those allegations on any concession by Freedman. Contra Riddle & Associates, P.C., 414 F.3d at 832, 836 (7th Cir. 2005) (affirming award of sanctions against a law firm that "multiplied the proceedings by filing counterclaims and contesting summary judgment" and "demanded $3,000 to release a blatantly

frivolous claim"); Modern Fence Technologies, Inc., 2011 WL 2532486, at *10 (awarding sanctions on the basis that counsel should have dismissed the claims when he became aware that no infringement had occurred, should not have waited for a request to do so from defense counsel, and should not have attempted to condition the dismissal of those claims on defendant's agreement to dismiss its counterclaims).  In fact, the emails attached to Freedman's Cross-Motion for Sanctions reflect that Plaintiff's counsel told Freedman's counsel "if we are not successful in resolving the claim, we plan to amend the complaint to more accurately reflect the course of events and the applicable violations."  See Attachments to Cross-Motion for Sanctions (d/e 15-1), p. 8.

   Finally, even if this Court concluded that Plaintiff's counsel acted unreasonably and vexatiously, the Court, in its discretion, would not award sanctions.  "Section 1927 is permissive, not mandatory" and this Court is "not obliged to grant sanctions once it has found unreasonable and vexatious conduct."  Corley v. Rosewood Care Center, Inc. of Peoria,

388 F.3d 990, 1014 (7th Cir. 2004).

Therefore, for all these reasons, this Court exercises its discretion and denies Freedman's Cross-Motion for Sanctions.

## IV.  CONCLUSION

Freedman's objections to Judge Cudmore's Report and Recommendation are OVERRULED.  The Court ADOPTS the Report and Recommendation.  Freedman's Cross-Motion for Sanctions (d/e 15) is DENIED.

ENTERED: March 30, 2012

FOR THE COURT:

>    s/Sue E. Myerscough
> SUE E. MYERSCOUGH
> UNITED STATE DISTRICT JUDGE