IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JOHN TALLMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 11-cv-3201 |
| FREEDMAN ANSELMO LINDBERG LLC, and DOES 1-10, inclusive, | ) |
| Defendants. | ) |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant's Motion to Compel Discovery and for Sanctions (d/e 18) (Motion 18); Plaintiff's Motion to Compel (d/e 24) (Motion 24); and Plaintiff's Second Motion to Compel (d/e 31) (Motion 31). For the reasons set forth below, Motion 18 is allowed in part and denied in part, Motion 24 is denied, and Motion 31 is allowed. The Court determines that an award of sanctions in connection with these Motions would be unjust and so the requests for sanctions by both parties are denied. Fed. R. Civ. P. 37(a)(5)(A)(iii). The Court addresses each Motion separately.

## MOTION 31

Motion 31 is allowed because Defendant Freedman Anselmo Lindberg LLC (Freedman) did not respond to Motion 31 as required by the Local Rules, and so, is deemed to have no opposition to the Motion. The Certificate of Service on Motion 31 and the Notice of Electronic Filing show that Motion 31 was served electronically on counsel for Defendant Freedman on March 13, 2012. A party must file a response to a motion within fourteen days of service or the party is deemed to have no opposition to the Motion. Local Rule 7.1(B)(2). Freedman's response to Motion 31 was due on March 30, 2012. See Fed. R. Civ. P. 5(b)(2)(E) & 6(d); Local Rule 5.3(D). Freedman has not filed a response. Freedman is deemed to have no opposition to Motion 31, and Motion 31 is therefore allowed. Defendant Freedman is directed to produce all draft suit papers in its file, as set forth in Motion 31, by April 13, 2012.

## MOTION 18

Plaintiff John Tallman (Tallman) filed his Complaint (d/e 1) on July 8, 2011. He later secured permission to file a Second Amended Complaint (d/e 26) on February 22, 2012. See Opinion entered February 22, 2012 (d/e 25) (Opinion), at 10. Tallman dropped a number of allegations from the Second Amended Complaint. See Opinion, at 2-6 for a detailed discussion of the differences in the two complaints. On November 2, 2012,

Freedman served interrogatories and document requests on Tallman. Many of the interrogatories asked for the basis for the allegations that were dropped from the Second Amended Complaint. Tallman objected to these interrogatories on the ground that they were not relevant because he was going to amend the Complaint. On January 9, 2012, Freedman's counsel attempted to resolve this dispute with Tallman's counsel. Motion 18, at 3. The dispute was not resolved.

On January 19, 2012, Freedman's counsel took Tallman's deposition. Tallman's counsel directed Tallman not to answer some questions. Motion 18 asks the Court to compel responses to the interrogatories and to the unanswered questions posed in the Tallman deposition. Freedman's counsel has not certified that he attempted to resolve the dispute concerning the deposition questions before seeking court action.

Freedman's request regarding the deposition is denied because counsel did not certify that he attempted to confer with Tallman's counsel to obtain the information without court action. A party must attempt to resolve a discovery dispute without court action and provide certification of such before filing a motion to compel. Fed. R. Civ. P. 37(a)(1). Freedman did not attempt to resolve the discovery dispute regarding Tallman's refusal to answer deposition questions. The Court, therefore, denies this portion of Motion 18.

With respect to the interrogatories, Freedman asks the Court to compel answers to Interrogatories 2-6, 9-20 and 24-25.  Tallman responds that the Motion should be denied as moot because Tallman has amended the Complaint and removed the allegations to which the interrogatories relate.  Freedman responds that the information is relevant to the possibility of Tallman's potential liability for bringing this action in bad faith.

The Court agrees with Freedman that the interrogatories are relevant to the potential issue of bad faith filing.  The Act states, "On a finding by the court that an action under this section was brought in bad faith and for the purposes of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."  15 U.S.C. § 1692k(a)(3).  As explained in the Opinion, Tallman made several serious allegations against Freedman, such as use of threats of violence against his person, which he withdrew from the Second Amended Complaint.  See Opinion, at 2-6.  Tallman's decision to make such allegations provides grounds at the discovery stage to allow Freedman to inquire into the basis for filing for these allegations in the original Complaint.

Tallman also argues that he has already answered the interrogatories through his answers to questions in the deposition.  The Court has reviewed the deposition transcript and the interrogatories finds that Tallman has answered most of the interrogatories in the deposition.  Tallman

answered all of the interrogatories except 5, 6, and 25.  Compare Motion, Exhibit D, Plaintiff's Response to Defendant's First Set of Interrogatories, ¶¶ 2-6, 9-20, and 24-25, with Exhibit E, Deposition of John Tallman (Interrogatory 2 with Deposition at 78-80, 111-15; Interrogatory 3 with Deposition at 82; Interrogatory 4 with Deposition at 84-86; Interrogatory 9 with Deposition at 93-94; Interrogatory 10 with Deposition at 94-95; Interrogatory 11 with Deposition at 95-96; Interrogatory 12 with Deposition at 96; Interrogatory 13 with Deposition at 97; Interrogatory 14 with Deposition at 98-99; Interrogatory 15 with Deposition at 84-86; Interrogatory 16 with Deposition at 99-100; Interrogatory 17 with Deposition at 101-02; Interrogatory 18 with Deposition at 102-04; Interrogatory 19 with Deposition at 104-05; Interrogatory 20 with Deposition at 105-06; with Interrogatory 24 and Deposition at 109-10).

    The Court further notes that interrogatory 25 asks for all damage suffered.  This interrogatory is clearly relevant not related to the allegations that were removed from the Second Amended Complaint.  Tallman is directed to provide answers under oath to Interrogatories 4, 5, and 25 to Freedman by April 13, 2012.

## MOTION 24

A. <u>June 9, 2011 Recording</u>

Tallman served Freedman with discovery requests on October 24, 2011. Freedman provided responses between January 5, 2012, and January 16, 2012. The documents produced included recordings of seventeen telephone calls between Freedman and Tallman. The recording for June 9, 2011, omitted part of the call. Tallman initially spoke to a person named Jill who transferred the call to a non-attorney collector named Kathy. The portion of the call with Kathy was not included in the recordings produced. Kathy's notes from the call indicate that she and Tallman discussed a temporary payment plan on the Tallman's second debt. See Opinion, at 2 for a discussion of the two debts owed by Tallman. The notes indicate Kathy told Tallman, "ADV WILL STILL HAVE TO MO FORWARD WITH SUIT ON A TEMP PLAN. HE DID NOT WANT THAT TO HAPPEN." Motion 24, Exhibit H, Telephone Call Notes, at FAL 0000043 (all capitals in the original).[1]

Tallman's counsel inquired about the missing portion of the June 9, 2011, call. Freedman's counsel informed Tallman's counsel on January 17, 2012, that the recording equipment malfunctioned and that portion of

---

[1] The Court references the Bates Stamp number on the exhibit as the page number.

the June 9, 2011, call was not recorded.  <u>Defendant's Response to Plaintiff's Motion to Compel (d/e 29) (Response)</u>, Exhibit H, <u>Email from David L. Hartsell to Sergei Lemberg dated January 17, 2012</u>.  Tallman asks the Court to compel Freedman to produce the missing portion of the call or order an adverse inference instruction.

Tallman's request is denied.  An adverse inference instruction may be allowed if a party destroys evidence in bad faith.  <u>Brown and Williamson</u> <u>See</u> <u>Coates v. Johnson & Johnson</u>, 756 F.2d 524, 551 (7th Cir. 1987).  Freedman's counsel represented that Freedman produced all of the recordings that it had and that it did not alter or omit any part of the recording from June 9, 2011.  Tallman has no evidence to the contrary.  Tallman claims that Freedman must be hiding the recording because the June 9, 2011, recording is the only recording that is incomplete, the notes indicate Kathy said Freedman would continue with the suit, and Tallman says a collector threatened him with a law suit in one of the calls.  <u>Motion 24</u>, at 4.  This circumstantial evidence does not show that Freedman destroyed a recording.  If Freedman wanted to destroy evidence of the reference to suit, it would have altered the notes also.  It did not.  The Court finds no evidence of either destruction of evidence or bad faith.

Tallman also references a statement by Freedman's counsel at Tallman's Deposition that Freedman produced "some recordings".  Tallman

Deposition, at 28.  Tallman argues that this statement amounts to an admission that Freedman was withholding other recordings.  The Court disagrees.  The use of the word "some" in context means a set or group of recordings.  The reference by Freedman's counsel was not an admission of withholding recordings responsive to the document request.  The Court sees no evidence that Freedman withheld any recording and no evidence of bad faith.  This portion of Motion 24 is therefore denied.

  B.  Engagement Agreement

Tallman also asked for any and all documents authorizing Freedman to collect the debt.  Freedman eventually responded with portions of its Law Firm Collection Agreement (Agreement) dated October 30, 2008, between itself and its client Asset Acceptance, LLC.  Motion 24, Exhibit M, Agreement.  The Agreement is eighteen pages long.  Most of the Agreement is redacted.  The only portions produced are the page numbers, the title and recitals of the Agreement, paragraph 2.1 and the signatures.  Paragraph 2.1 states:

> **2.1 Authority to Collect.**  Client hereby authorizes Law Firm to use any legal means (except for credit reporting) to collect the Accounts placed with Law Firm by Client.

Agreement ¶ 2.1 (emphasis in the original).  Tallman's counsel asked for the rest of the Agreement.  Freedman's counsel refused and asserted

attorney client privilege.  Freedman's counsel provided a privilege log as follows:

> **Privilege Log for FAL0000058-74:** The "Law Firm Collection Agreement" is exactly that, the agreement between FAL and its client, Asset Acceptance, and contains the terms and conditions of the attorney-client relationship and, therefore, is privileged on exactly that basis. Moreover, the privilege belongs to Asset, and FAL is bound to protect it.

Motion 24, Exhibit O, Email from David L. Hartsell to Sergei Lemberg dated February 13, 2012 (emphasis in the original).

Tallman seeks the entire Agreement.  The Court finds that the Agreement is privileged under the attorney client privilege.  The attorney client privilege applies to confidential communications between attorney and client which relate to the client seeking legal advice from an attorney under circumstances in which the client wishes the communication to remain confidential.  See United States v. Lawless, 709 F.2d 485, 487 (7th Cir. 1983).  The Agreement is a confidential communication between the client Asset Acceptance and Freedman; there is no indication that any third party is privy to the Agreement.  The Agreement is about securing legal representation, and so, is directly related to seeking legal advice.  The Court, therefore, finds that the Agreement is privileged. The attorney client privilege belongs to Asset Acceptance and there is no evidence that Asset Acceptance has waived the privilege.  See Id.  The other cases cited by are

not persuasive. None of the cases concern attorney engagement agreements. This portion of Motion 24 is denied.

### C. Documents Explaining Differing Collection Amounts

Last, Tallman observed that the documents produced listed an amount owed by Tallman that was different from the amount listed in the May 27, 2011, collection letter from Freedman to Tallman referenced in the Second Amended Complaint. Tallman moves to compel production of documents that explain this difference. Freedman has now produced these documents. Response, Exhibit Q. This portion of Motion 24 is therefore moot.

THEREFORE, Defendant's Motion to Compel Discovery and for Sanctions (d/e 18) is ALLOWED in part and DENIED in part; Plaintiff's Motion to Compel (d/e 24) is DENIED; and Plaintiff's Second Motion to Compel (d/e 31) is ALLOWED. Defendant Freedman is directed to produce all draft suit papers in its file, as set forth in Motion 31, by April 13, 2012. Tallman is directed to provide answers under oath to Interrogatories 4, 5, and 25 by April 13, 2012. The Court determines that an award of sanctions in connection with these Motions would be unjust and so the

requests for sanctions by both parties are denied. Fed. R. Civ. P. 37(a)(5)(A)(iii).


ENTER: April 2, 2012


                          *s/ Byron G. Cudmore*
                          BYRON G. CUDMORE
          UNITED STATES MAGISTRATE JUDGE