IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN TALLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cv-3201 |
| | ) | |
| FREEDMAN ANSELMO LINDBERG LLC, and DOES 1-10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant's Renewed Motion to Compel Discovery and for Sanctions (d/e 41) (Renewed Motion). For the reasons set forth below, the Renewed Motion is DENIED.

## BACKGROUND

Defendant Freedman Anselmo Lindberg LLC (Freedman) filed a Motion to Compel Discovery and for Sanction (d/e 18) (Initial Motion). Freedman took the deposition of Plaintiff John Tallman on January 19, 2012. Tallman refused to answer some questions. The Initial Motion sought a second deposition of Tallman to compel answers to those questions. The Initial Motion also sought answers to certain interrogatories. The Court denied the request for a second deposition because Freedman failed to comply with Rule 37(a)(1) by certifying that it

attempted to confer with Tallman's counsel to resolve that portion of the Initial Motion.  Opinion entered April 2, 2012 (d/e 37), at 3; Fed. R. Civ. P. 37(a)(1).

Freedman now certifies that it has now complied with Rule 37 by attempting to meet and confer to resolve the dispute.  Freedman asks the Court to compel Tallman to be deposed a second time for the reasons stated in the Initial Motion.  Renewed Motion, at 2.

The Court denies the Renewed Motion because the Renewed Motion is untimely.  The Scheduling Order states,

> Motions to compel relating to discovery shall be pursued in a diligent and timely manner, but in not event filed more than sixty (60) days following the event (e.g. failure to answer interrogatories, objections to request for production, etc.) that is the subject of the motion.  The parties are required to confer on the discovery dispute as required by Rule 37(a) within the 60-day period.

Scheduling Order entered October 21, 2011 (d/e 13), ¶ 5.  The event that is the subject of the motion is the January 19, 2011 deposition of Tallman.  Freedman filed the Renewed Motion on April 16, 2011, almost ninety days after the event.  The Renewed Motion is untimely.

Moreover, the Court has reviewed the transcript of the Tallman deposition and finds insufficient basis to compel a second deposition.  Freedman is correct that Tallman's counsel improperly instructed Tallman not to answer questions based on relevance objections.

Fed. R. Civ. P. 30(c)(2). A review of the deposition, however, shows that Tallman substantially answered most of the questions. For example, Freedman's counsel asked Tallman for the basis of the allegation in the original complaint that Freedman threatened Tallman with violence. <u>Initial Motion</u>, Exhibit E, <u>Deposition of John Tallman</u>, at 82. Tallman's counsel initially directed Tallman not to answer, but Tallman ultimately answered the question, "I - I don't know." <u>Id.</u> at 83. In another instance, Freedman's counsel asked Tallman the basis for the allegation that Freedman misled Tallman into believing that Freedman was a law firm. <u>Id.</u> at 88. After counsel initially directed Tallman not to answer, Tallman admitted that he understood that Freedman was in fact a law firm. <u>Id.</u> at 90.

Tallman did not answer two of Freedman's counsel's questions at all: (1) the basis for Tallman's allegation in the initial complaint that Freedman threatened to take legal action without actually intending to do so; and (2) the false and deceptive means that Freedman allegedly employed to collect the debt as claimed to the original complaint. <u>Id.</u> at 91-93. Tallman, however, answered these same questions in his response to Freedman's interrogatories. <u>Initial Motion</u>, Exhibit D, <u>Plaintiff's Response to Defendant's First Set of Interrogatories</u>, ¶¶ 7, 8, 21-22. The Court will not require a second deposition given that the Renewed Motion is untimely and

Freedman has already received answers to the two questions left unanswered at the Tallman deposition.

WHEREFORE Defendant's Renewed Motion to Compel Discovery and for Sanctions (d/e 41) is DENIED.

ENTER: May 29, 2012

                        *s/ Byron G. Cudmore*
                        BYRON G. CUDMORE
                UNITED STATES MAGISTRATE JUDGE