IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN TALLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3201 |
| | ) | |
| FREEDMAN ANSELMO | ) | |
| LINDBERG, L.L.C., | ) | |
| | ) | |
| Defendant | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Plaintiff's Motion in Limine to Bar Any Reference to Attorney Fees (d/e 78) and Plaintiff's Motion in Limine to Bar Any References to Counsel's Area of Practice (d/e 79). The evidence Plaintiff seeks to bar is either irrelevant or its relevance is outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. Therefore, Plaintiff's Motions are granted.

## I. BACKGROUND

This case is set for trial beginning June 19, 2013 on Plaintiff's sole remaining claim: that Defendant violated § 1692e(10) of the Fair Debt

Collection Practices Act (the Act) by representing to Plaintiff that judgment was inevitable and that attorney fees would apply to the judgment.  Plaintiff has filed two Motions in Limine seeking to bar references to: (1) Plaintiff's ability to recover attorney fees if he prevails in this lawsuit (Motion, d/e 78); and (2) Plaintiff's counsel's area of practice, greedy lawyers, greedy plaintiffs, and the motivation of Plaintiff and/or counsel in bringing suit (Motion, d/e 79).

## II.  LEGAL STANDARD

Motions in limine are disfavored, as courts prefer to resolve questions of admissibility as they arise.  Telewizja Polska USA, Inc. v. Echostar Satellite Corp., 2005 WL 289967, at *1 (N. D. Ill. 2005); Hawthorn Partners v. AT&T Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  "Only evidence that is clearly inadmissible for any purpose should be excluded pursuant to a motion in limine[.]" Tzoumis v. Tempel Steel Co., 168 F. Supp. 2d 871, 873 (N.D. Ill. 2001).

## III.  ANALYSIS

A. Plaintiff's Motion in Limine to Bar Any References to Attorney Fees is Granted

The Act provides that a plaintiff who successfully enforces the Act can recover actual damages, statutory damages not exceeding $1,000, and attorney fees. 15 U.S.C. § 1692k(a). Plaintiff seeks statutory damages and attorney fees in this case.

The jury determines whether Defendant violated the Act and whether Plaintiff is entitled to statutory damages. See Kobs v. Arrow Service Bureau, Inc., 134 F.3d 893, 895 (7th Cir. 1998) (finding that a plaintiff is entitled to a "trial by jury in determining statutory additional damages under the FDCPA"). The factors relevant to determine whether a plaintiff in an individual action is entitled to statutory damages include: (1) the frequency and persistence of noncompliance by the debt collector; (2) the nature of the noncompliance, and (3) the extent to which the noncompliance was intentional. 15 U.S.C. § 1692k(b)(1); see also Huff v. Dobbins, Fraker, Tennant, Joy & Perlstein, 243 F.3d 1086, 1089 (7th Cir. 2001).

The award of attorney fees is a matter for the court, not the jury. Huff,

243 F.3d at 1090.

Plaintiff argues that the subject of an award of attorney fees if he is successful is irrelevant and prejudicial for the jury to consider.  Therefore, Plaintiff asks that the Court bar Defendant from referencing attorney fees at trial.

Defendant objects, asserting that attorney fees are an element of Plaintiff's potential recovery under the Act.  According to Defendant, the jury should be fully informed of the impact of the jury's decision on liability and damages.  Defendant states: "There is no compelling reason to conceal from the jury the simple fact that if they impose liability and award damages to the plaintiff, the plaintiff will seek to recover his attorneys' fees from the defendant as well." Def. Response, p. 3 (d/e 81).

Neither the parties nor the Court have found a Seventh Circuit case on point.  Plaintiff cites to Sixth Circuit and Ninth Circuit decisions that hold that informing the jury that a plaintiff could recover attorney fees is prejudicial.  See Fisher v. City of Memphis, 234 F.3d 312, 319 (6th Cir. 2000) ("it is clearly prejudicial to instruct a jury as to the potential for

attorneys' fees when it is deciding the merits of the underlying § 1983 action"); Brooks v. Cook, 938 F.2d 1048, 1051 (9th Cir. 1991) ("informing the jury of the possibility of fees could result in prejudice to the plaintiff and undermine the public policies behind § 1988"). Defendant cites to a Third Circuit case and a federal district court case from the Middle District of Louisiana for the proposition that the jury may be informed of the possibility of an attorney fee award. Collins v. Alco Parking Corp., 448 F.3d 652, 657 (3d Cir. 2006) (finding no plain error where the jury was instructed that plaintiff may be entitled to attorney fees if successful but that attorney fees should play no part in the jury's calculation of damages; the court specifically declined to decide whether such an instruction was proper); Addison v. Braud, 34 F. Supp.2d 407, 411 (M.D. La. 1998) (finding that under the circumstances–an unintentional violation that had an insignificant impact on the plaintiffs–"there was no error of law committed in informing the jury of the attorney's fee provision and that any prejudice to plaintiffs was offset by other considerations").

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed.R.Evid. 401. "Irrelevant evidence is not admissible." Fed.R.Evid. 402. The Court may exclude relevant evidence if:

> its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed.R.Evid. 403.

In this case, whether Plaintiff may recover attorney fees if he is successful on his claim does not have any tendency to make it more or less probable that Defendant violated the Act. Moreover, even if the ability to recovery attorney fees bears some relevance to the action, such relevance is substantially outweighed by the possibility of unfair prejudice, confusion of the issues, and misleading the jury. In particular, one of the issues in this case is whether Defendant violated the Act by representing that attorney fees would apply if Defendant got a judgment

against Plaintiff. Any reference to Plaintiff's ability to obtain attorney fees in this lawsuit might confuse the jury. Reference to the possibility that Plaintiff would recover his attorney fees if his claim is successful would also unduly prejudice Plaintiff. Therefore, Plaintiff's Motion in Limine to Bar Any Reference to Attorney Fees (d/e 78) is granted.

B.  Plaintiff's Motion in Limine to Bar Reference to Plaintiff's Counsel's Area of Practice and the Motive of Plaintiff and Plaintiff's Counsel is Granted

Plaintiff also seeks to bar any reference to counsel's area of practice, including: (1) Plaintiff's counsel's history of representing consumers in lawsuits against debt collectors and law firms that collect debts; and (2) comments about "greedy lawyers" or similar comments implying that Plaintiff or his counsel are pursuing the claims for "nefarious or unwholesome reasons," or other derogatory comments about Plaintiff's or his counsel's motivation for bringing this case. Motion, p. 1-2 (d/e 79). Defendant opposes the Motion, asserting that whether Plaintiff has brought this action in bad faith or for an improper motive is relevant and impacts the veracity of Plaintiff's claim. Response, p. 1 (d/e 82).

Defendant also asserts that references to counsel's area of practice and Plaintiff's motivation for bringing the suit is relevant to Plaintiff's credibility.

The Court finds that Plaintiff's motive in bringing the lawsuit is not relevant on the issue of whether Defendant violated the Act. Several district courts in other jurisdictions have so found. See, e.g., Lee v. Kucker & Bruh, LLP, 2013 WL 680929, at *2 (S.D.N.Y. 2013) (finding that the plaintiff's motive in bringing suit is relevant only if the defendants prevail, in which case defendants may be entitled to attorney fees if they can show that the action was brought in bad faith); Piontek v. I.C. System, 2009 WL 1044596, at *1 (M.D. Pa. 2009); Bynum v. Cavalry Portfolios Serv., L.L.C., 2006 WL 897712, at *2 (N.D. Okla. 2006) (excluding evidence of counsel's motive in bringing the suit, noting that the "award of attorney fees is a matter for the Court to decide, after trial"); but see Addison, 34 F. Supp. 2d at 411 (denying motion for a new trial, finding that evidence that the lawsuit was pursued as a means of generating attorney fees "bore on the nature or importance of the

noncompliance to plaintiffs and was relevant to the jury's determination of punitive damages").

Moreover, even if the evidence has some relevance, the Court finds that any relevance is substantially outweighed by the risk of unfair prejudice to Plaintiff. Plaintiff's Motion in Limine (d/e 79) is granted in full.

## IV.  CONCLUSION

For the reasons stated, Plaintiff's Motion in Limine to Bar Any Reference to Attorney Fees (d/e 78) and Plaintiff's Motion in Limine to Bar Any References to Counsel's Area of Practice (d/e 79) are GRANTED. The parties shall not reference Plaintiff's ability to recover attorney fees if he prevails in this lawsuit, Plaintiff's counsel's area of practice, greedy lawyers, greedy plaintiffs, or the motivation of Plaintiff and/or counsel in bringing suit.

ENTER: June 12, 2013

FOR THE COURT:

                                                               s/Sue E. Myerscough
                                          SUE E. MYERSCOUGH
                           UNITED STATES DISTRICT JUDGE