IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOHN TALLMAN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )   No. 11-3201 |
| | ) |
| FREEDMAN ANSELMO LINDBERG LLC, | ) |
| | ) |
|    Defendant. | ) |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on Plaintiff John Tallman's Objection to Defendant's Bill of Cost (d/e 94). The Objection is GRANTED and the Bill of Costs (d/e 93) is DENIED. Plaintiff has demonstrated he is unable to pay costs now and is unlikely to be able to do so in the future. Moreover, taking into account the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case, Plaintiff has overcome the presumption in favor of awarding costs to the prevailing party.

I.  BACKGROUND

In July 2011, Plaintiff filed a complaint against Defendant alleging violations of the Fair Debt Collection Practices Act.  See d/e 1.  In February 2013, this Court granted in part and denied in part Defendant's Motion for Summary Judgment.  See d/e 66.

On June 19, 2013, the case proceeded to jury trial on June 19, 2013 on Plaintiff's one remaining claim.  That same day, the jury returned a verdict in favor of Defendant and against Plaintiff.  On June 21, 2013, judgment was entered in favor of Defendant and against Plaintiff (d/e 90).

On July 9, 2013, Defendant filed a Bill of Costs.  See d/e 93; see also Fed.R.Civ.P. 54(d) (providing for costs to the prevailing party); CDIL-LR 54.1(A) (providing that a bill of costs must be filed within 30 days after judgment).  Defendant seeks costs totaling $3,357.82–$2,656.06 for transcripts, $658.86 for witness fees, and $42.90 for copies of exhibits used at trial.  See d/e 93.  On July 23, 2013, Plaintiff filed his Objection to Defendant's Bill of Costs (d/e 94).

In his Objection, Plaintiff asserts that he is incapable of paying costs in the action. In support thereof, Plaintiff submits his Affidavit stating: (1) he has $60 in his savings account;(2) his monthly income is $713 which he receives from social security; (3) his monthly expenses include $339 for electricity/gas; $120 for his mother's car insurance; $50 for garbage collection; $127 for medications (blood pressure, diabetes, pain medication, and Vitamin D tablets); and (4) the remainder of his income pays for food and gas.

On July 30, 2013, Defendant filed a Response to Plaintiff's Objection. Defendant asserts that Plaintiff has submitted insufficient documentation evidencing his inability to pay. Defendant also asserts its belief that Plaintiff's retention agreement with his attorney likely provides that Plaintiff's attorney will pay any costs.

## II.  ANALYSIS

Under Federal Rule of Civil Procedure 54(d)(1), costs shall be allowed to the prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Fed.R.Civ.P.

54(d)(1); see also Marx v. General Revenue Corp., 133 S. Ct. 1166 (2013) (finding that 15 U.S.C. § 1692k(a)(3) does not preclude an award of costs under Federal Rule of Civil Procedure 54(d)(1)). "[T]here is a strong presumption that costs will be awarded to the prevailing party." U.S. Neurosurgical, Inc. v. City of Chicago, 572 F.3d 325, 333 (7th Cir. 2009).

The presumption that costs be awarded to the prevailing party may be overcome, however, by a showing of indigence. Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1165 (7th 1983). Nonetheless, it remains within the court's discretion whether to award costs under Rule 54(d). McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994) (the fact that a party is indigent "does not require that the court to automatically waive costs").

When determining whether to hold an indigent party liable for costs, the court (1) "must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future[;]'" and (2) "should consider the amount of costs, the good

faith of the losing party, and the closeness and difficulty of the issues raised by the case." Rivera v. City of Chicago, 469 F.3d 631, 635 (7th Cir. 2006). The losing party must provide the Court with sufficient documentation in the form of an affidavit or documentary evidence regarding his income, assets, and expenses. Rivera, 469 F.3d at 635.

Here, Plaintiff asserts that this Court should deny Defendants' Bill of Costs because he is incapable of paying costs now and is unlikely to be able to do so in the future.

In accordance with Rivera, this Court first determines whether Plaintiff is incapable of paying the costs at this time or in the future. Plaintiff's affidavit reflects that Plaintiff is 63 years old, has $60 in savings, and receives $713 in social security which covers his monthly expenses (approximately $636) leaving approximately $77 a month for food and gas. Moreover, Plaintiff testified at trial that he was retired but that his last employment was working two days a week as a security officer making $8.25 per hour. Plaintiff also testified that he lived with his 90-year-old mother and took care of her. Based on this information,

the Court finds that Plaintiff is incapable of paying the costs at this time or in the future.

However, this case is distinguishable from <u>Rivera</u>, 469 F.3d at 637, where the Seventh Circuit found that the district court abused its discretion by denying costs to the prevailing party.  In <u>Rivera</u>, the plaintiff did not provide the court with a schedule of expenses and did not identify a basis for finding that she would be incapable of paying the costs in the future.  <u>Id.</u>  The plaintiff was employed full-time, had no medical problems, and had a $175,000 judgment against a prisoner (and had not yet filed a citation to discovery that prisoner's assets to determine whether he had any assets to satisfy the judgment).  <u>Id.</u>  In contrast here, the information submitted by Plaintiff indicates he has no ability to pay the costs at this time and is unlikely to be able to pay them in the future.

Second, this Court considers the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case.  The amount of costs are $3,357.82, a large amount in light of

Plaintiff's social security income and lack of assets. The Court also finds that Plaintiff brought the case in good faith. Finally, although the issues were not particularly difficult, the issue decided by the jury was a close one, as evidenced in part by the jury deliberating for nearly four hours.

Because Plaintiff has overcome the presumption that costs be awarded to the prevailing party, Plaintiff's Objection (d/e 94) is GRANTED and the Bill of Costs (d/e 93) is DENIED.

ENTER: August 6, 2013.

FOR THE COURT:

                                      s/Sue E. Myerscough
                                   SUE E. MYERSCOUGH
                      UNITED STATE DISTRICT JUDGE